**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                          **PLAINTIFF/RESPONDENT**

**v.**                          **CASE NO. 4:07-CR-00173 GTE**
                          **(4:10-CV-02030 GTE)**

**CHARLES DAVIS**                                        **DEFENDANT/MOVANT**


**ORDER**

Petitioner Charles Davis, proceeding *pro se*, has filed two motions: (1) a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 motion"); and (2) a motion entitled "Motion to Run State Time Concurrent with Federal Time" which the Court will refer to as a "motion for sentence reduction." Petitioner's § 2255 motion is time-barred. Petitioner's motion for sentence reduction is filed prematurely, without exhausting his administrative remedies with the Bureau of Prisons, and, if considered on the merits, requests relief which is contrary to existing law. Both motions are therefore denied.

**I.     Background**

The record reflects that on December 9, 2008, pursuant to a written plea agreement, Davis entered a plea of guilty to a felon in possession charge, a violation of 18 U.S.C. § 922(g)(1). On March 31, 2009, Davis came before this Court for sentencing. The Court imposed a sentence of 84 months' imprisonment, three years' supervised release, and a $100 special assessment. Judgment was entered on April 2, 2009. Davis did not appeal.

The Court permitted Davis to remain free on bond while the federal charges against him were pending and following the entry of his guilty plea. At the time of sentencing, the Court directed Davis to report to begin serving his sentence on May 4, 2009.

On December 20, 2010, Davis commenced a civil action by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The case was filed in the Eastern District of Arkansas and assigned Case No. 4:10-cv-02030-GTE. On January 7, 2011, Davis filed a motion for sentence reduction. Both motions are pending.

## II.     Discussion

### A.     The § 2255 motion is time-barred

As a threshold matter, the Court must determine whether Petitioner's § 2255 petition is timely filed. Section 2255 imposes a 1-year statute of limitations. The 1-year period runs from the latest of -

(A) the date on which the judgment of conviction becomes final;

(B) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such government action;

(C) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's motion is clearly filed outside the 1-year filing deadline established by §

2255(f)(A), the applicable provision on the facts now before the Court.[1]  The Judgment and

Commitment reflecting the sentence imposed was filed on April 2, 2009.  Because Davis did not

appeal, the judgment of conviction became final ten days  (excluding weekends) later, on April

16, 2009.[2]  *See Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000) (conviction becomes

final on the day the time to appeal expires).  Davis filed the instant motion on December 20,

2010, after the April 16, 2010, expiration of the presumptive 1-year time period for filing a

petition for relief under § 2255.

The only explanation offered by Petitioner for his untimely filing is that he has been in

transit between various institutions since entering federal custody on May 4, 2009.  This

explanation is not sufficient to excuse his failure to seek timely post-conviction relief.

Davis' § 2255 Petition is untimely filed and will be dismissed for that reason.

**B.      Motion to Reduce Sentence**

Davis brings his motion under 18 U.S.C. § 3582(c)(2).  For the reasons discussed below,

this statute does not authorize the requested relief.  Assuming the Court had the authority to grant

the requested relief, the substance of Davis's allegations lack merit. Davis contends that he

should receive credit for time that he served in Arkansas state custody on other charges and

approximately 20 months he spent on supervised "pre-trial" release before he reported on May 4,

---

[1]  Petitioner does not assert any factual or legal basis for applying § 2255(f)(B), (f)(C), or (f)(D).

[2]  At the time of his conviction, Petitioner had ten days to file an appeal.  As of December 1, 2009, Defendants have 14 days to file an appeal of their criminal conviction.  See Fed. R. App. P. 4 (b)(1)(A).

2009, to begin serving his federal sentence in this case.[3]   Both contentions are discussed

separately below.

### (1)      18 U.S.C. § 3582(c)(2) does not apply

A defendant's motion for relief under this statute is appropriate in only two instances:  (1)

when the sentencing range used to compute defendant's sentence has been subsequently lowered;

or (2) to correct a sentence for clear error within 14 days after imposition of sentence, pursuant to

Fed. R. Crim. P. 35(a).  18 U.S.C.  § 3582(c)(1)(B) and (c)(2).  The guidelines under which

Davis was sentenced have not been lowered, and it is well after the limited time period in which

a sentence may be corrected for clear error.

Whether a prisoner is entitled to credit on his federal sentence for time spent in custody

before reporting to begin serving the sentence is controlled by 18 U.S.C. § 3585(b).  *United*

*States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  The statute reads:

> (b) Credit for prior custody.- A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior the
> date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the
> commission of the offense for which the sentence was imposed that has not been
> credited against another sentence.

18 U.S.C. § 3585(b).

The Bureau of Prisons ("BOP") must make the initial determination of whether a

defendant is entitled to credit on his sentence.  *Pardue*, 363 F.3d at 699; see also *United States v.*

---

[3]  Davis also raises this issue in his § 2255 motion as an ineffective assistance of counsel
claim, contending that his trial counsel was ineffective for failing to move for a concurrent
sentence and to seek credit for time served.  Neither motion, if filed, would have been successful.

*Hayes*, 535 F.3d 907, 910 (8th Cir.2008) (holding that only the Bureau of Prisons has the

authority to determine when a federal sentence commences under § 3585(b)); *United States v.*

*Tindall*, 455 F.3d 885, 888 (8th Cir.2006) ("the Bureau of Prisons is responsible for computing

the sentence credit after the defendant has begun serving his sentence," making any

miscalculation on the sentencing court's part "irrelevant").  Only after a defendant fully exhausts

his administrative remedies with the BOP is it appropriate to seek judicial review of any jail-time

credit determination.  The appropriate procedure for seeking such review is  by filing a habeas

petition under 28 U.S.C. § 2241.  *Pardue*, 363 F.3d at 699.

    There is no indication here that Petitioner has exhausted his administrative remedies with

the BOP.  Further, Petitioner does not seek relief under 28 U.S.C. 2241, and the Court would not

have jurisdiction if he had because § 2241 motions must be filed in the district where the federal

prisoner is confined, rather than the district of sentencing.[4]  *United States v. Weddell*, 560

F.Supp.2d 782 (D. N.D. 2008).

### (2)    Time in Arkansas state custody

    It is well established that a defendant may be prosecuted by multiple governmental units

for the same conduct so long as the governmental units draw their authority from separate

sources of power.  *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Lanza*, 260 U.S.

377 (1922) (approving separate prosecutions by state and federal government for same conduct).

Accordingly, assuming that the time Davis served in state prison was for the identical conduct for

---

    [4] From the address on Petitioner's motions, it appears he is incarcerated in Butner,
North Carolina.

which he is now serving federal time, it does not impact the analysis of whether he is entitled to federal credit for the time spent in state custody.

Were the issue properly before the Court, the Court would reject Davis's effort to obtain a credit on his federal sentence for time spent in Arkansas state custody on the same or related charges before he reported to begin serving his federal sentence.  "A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence. See 18 U.S.C. § 3585(b)."  *United States v. Dennis*, 926 F.2d 768 (1991); see also *United States v. Kiefer*, 20 F.3d 874, 875-876 n. 1 (8th Cir. 1994) ("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit from the time 'that has not been credited against another sentence'") (omitting internal citations and quotations); See also *United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time.").

### (3)    Credit for Time Spent on Supervision

Were the issue properly before the Court, the Court would reject Davis's contention that he should be given credit for the 20 months he spent on pre-trial release before he reported to begin serving his federal sentence.  A defendant is only entitled to a credit on his sentence for time spent "in official detention prior to the date the sentence commences."  18 U.S.C. § 3585(b). The Eighth Circuit has held that house arrest imposed as a condition of pre-trial release is not "official detention."  *United States v. Wickman*, 955 F.2d 592, 593 (8th Circ. 1992) (en banc) (per curiam).  There appears to be no legal authority for Davis's contention.

**III.     Conclusion**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant/Movant Charles Davis's Motion to

Vacate, Set Aside or Correct Sentence (docket entry # 48 in 4:07-CR-00173 GTE; docket entry #

1 in 4:10-CV-2030 GTE) be, and it is hereby, DENIED.  Because Davis has failed to make a

substantial showing of the denial of a constitutional right, the Court declines to issue a certificate

of appealability.  *See* 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED THAT Defendant/Movant Charles Davis's Motion to Run

State Time Concurrent with Federal Time (docket entry # 49 in 4:07-CR-00173 GTE) be, and it

is hereby, DENIED.

IT IS SO ORDERED THIS _14th_ day of January, 2011.


/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE